UNITED STATES DISTRICT COURT                      Index No. 2016 CV 7162
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
EDWARD PORRATA,                                          VERIFIED
                                    Plaintiff,           COMPLAINT
                  -against-


THE CITY OF NEW YORK, NEW YORK CITY
POLICE DEPARTMENT, POLICE OFFICER "JANE DOE"
AND POLICE OFFICERS "JOHN DOES 1 AND 2",
                                    Defendants.
------------------------------------------------------------------x

## INTRODUCTORY STATEMENT

1.      This is an action for damages sustained by plaintiff EDWARD PORRATA,

(hereinafter referred to as PORRATA, and/or plaintiff) against the CITY of NEW YORK

(hereinafter referred to as the CITY and/or defendant), the NEW YORK CITY POLICE

DEPARTMENT, (hereinafter referred to as NYPD, NYPD and/or defendant), who

through its employees, agents and/or assigns unlawfully assaulted/ utilized "excessive

force", falsely arrested, falsely imprisoned, maliciously prosecuted and harassed plaintiff

EDWARD PORRATA for personal injuries suffered and arising from the unlawful acts

of the defendant POLICE OFFICER "JANE DOE" AND POLICE OFFICERS "JOHN

DOES 1 AND 2" (hereinafter respectively referred to as "JANE DOE"  and "JOHN

DOES 1 AND 2") (POLICE OFFICER "JOHN DOE 1" on information and belief

OFFICER RONIEL DILONE of the 9th Precinct) and against the CITY, as the

supervisory body responsible for the conduct of the said defendant police officers and the

NYPD and for its failure to take corrective action with respect to police personnel for

their actions and/or for their failure to investigate and/or take corrective actions as to their

failed policing, to assure proper training and supervision of the personnel, or to

implement meaningful procedures to discourage lawless official conduct, same which

is/are sued as a "person" under Title 42 USC 1983; and the actions of the NYPD in continuing to prosecute a criminal case against EDWARD PORRATA when they had abundant evidence that he was innocent; in failure to prosecute and/or investigate a case against said defendant police officers here OFFICER "JANE DOE" and/or POLICE OFFICERS JOHN DOE 1 AND 2, who were negligent and/or deliberately violated police department protocol, and/or procedure, and/or failed to remedy the severe conditions issued against plaintiff including the initial assault/excessive force upon his person, detention and the arrest of EDWARD PORRATA even though there was no evidence to base a criminal prosecution and/or defendant blatant failure to investigate or prosecute, discipline POLICE OFFICERS "JANE DOE" AND POLICE OFFICERS "JOHN DOES" 1 AND 2; including but not limited to the fact that the NYPD, having done nothing meaningful to investigate the complaint of the plaintiff herein including to refer it to a proper investigative authority particularly in regard to the illegal arrest of PORRATA and the egregious assault upon plaintiff's person on 7/9/15 which resulted in severe physical injuries (e.g. EDWARD PORRATA's wrists were severely injured because on information and belief the cuffs were put on too tight, the cuffs utilized are not large enough for many individuals with large stature and even though he complained they were not loosened and in addition thereto he suffered exacerbation of previously sustained injuries to his neck, back and specifically the area of the titanium brace that had been inserted because he suffered a broken collarbone previously), mental and emotional distress to the plaintiff, and his family; plaintiff seeks recovery for physical injuries and for his aforesaid damages, attorney's fees, and the like. THE NEW YORK CITY POLICE DEPARTMENT is named for the malicious prosecution of the plaintiff and its

negligence in prosecuting the defendant EDWARD PORRATA, and negligent failure to monitor NYPD police officers and their staff.

2.      Through the negligence of the said defendants and/or their negligent failure to act and/or as to the NYPD to take reasonable and prudent steps required prior to the incident and on or about 7/9/15 and thereafter.

JURISDICTION

3.      This action arises under Sections 1981, 1983, 1985 and 1988 of Title 42 of the United States Code, and the First, Fourth, and Eighth Amendments to the Constitution of the United States, and under the Constitution of the State of New York and the laws of the State of New York and the case law arising thereunder in similar 1983 matters.

PARTIES

4.      At all times relevant to the allegations of this complaint, plaintiff PORRATA

5.      PORRATA is an individual residing at 525 Neptune Avenue Apt. 5A, Brooklyn, NY 11224, which is in the Southern District of New York. That at all times hereinafter mentioned, the defendant, CITY and/or NYPD, was is/are and still is/are a domestic and public benefit corporations, organized and existing under and by virtue of the laws of the State of New York.

6.      That NYPD is on information and belief owned, operated and/or subject to directives of the defendant CITY.

7.      That at all times relevant to this complaint, or from 7/9/15 and thereafter, said defendant maintained and controlled in furtherance of its/his business by the said defendant, CITY and NYPD in the Borough of New York, City and State of New York; and was/was responsible for operating/controlling: jails, courts, police, police precincts,

and/or his personal employees, and the like.

8.     At all times relevant, defendant NYPD employees, supervisory personnel and the like, specifically perpetrators POLICE OFFICER "JANE DOE" AND POLICE OFFICERS "JOHN DOES" 1 AND 2 and/or other NYPD police officers, detectives, supervisors and/or personnel at the precinct in question (on information and belief the 9th Precinct) including but not limited to supervisors, the officers, and/or staff, whose identities are presently unknown to plaintiff and/or are on information and belief was NYPD personnel, staff, detectives and/or officers employed by the NYPD and/or by New York City Police Department, to perform duties in the City of New York and elsewhere. At all times relevant, defendant above-named was acting in the capacity of agents, servants and employees of defendant City of New York and are sued individually and in their official capacity.

9.     At all times relevant, defendant NYPD was a municipal corporation(s) duly formed under the laws of New York State, and/or an agency, subdivision, department and the like of the City of New York duly formed pursuant to law and/or is a domestic and public benefit corporation organized or existing under and by virtue of the laws of the state of New York and was the employer and supervisor of defendant NYPD supervisory staff and/or detectives and/or defendant police officers.  As such defendant NYPD and CITY was/was responsible for training, supervision and conduct of said defendant POLICE OFFICERS.  Said defendants CITY/NYPD was also responsible, under law, for enforcing the regulations of the NYPD and/or New York City Police Department and for ensuring that City of New York, NYPD, and/or supervisory staff, and personnel, as well

as police officers in the employ of the NYPD obey the laws of the State of New York and of the United States and prosecute said laws.

10.     At all times relevant defendant NYPD was a municipal corporation or subdivision thereof duly formed under the laws of New York State and/or an agency, subdivision, department, and the like of the CITY OF NEW YORK duly formed pursuant to law and/or is a domestic and public benefit corporation organized or existing under and by virtue of the laws of the State of New York, and was the employer and/or supervisor of the said defendant police officers.  As such, NYPD was responsible for training, supervision and conduct by defendant of its supervisory staff, personnel, officers, etc.  It was also responsible, under law, for enforcing the regulations of the New York City Police Department and for ensuring that City of New York police personnel obey the laws of the State of New York and of the United States and/or prosecute same.

11.     At all times relevant, defendant POLICE OFFICER "JANE DOE" AND POLICE OFFICERS "JOHN DOE" 1 AND 2 are employees of the NYPD and on information and belief were in the employ of the NYPD and working and/or at the time of the said egregious unprovoked assault and battery, "excessive force", including the refusal to loosen or remove handcuffs that were too small for the size of the plaintiff, illegal detention, false imprisonment and/or false arrest of the plaintiff EDWARD PORRATA. The names and addresses of the said other perpetrators e.g. POLICE OFFICER "JANE DOE" AND POLICE OFFICERS JOHN DOE 1 AND 2 as to name and addresses are unknown to plaintiff and his counsel. They are responsible, under law, for enforcing the regulations of the NYPD and the laws of the City and State of New York and for ensuring that his co-workers other NYPD personnel, City of New York personnel, and

the like, obey the laws of the State of New York and of the United States. At all times relevant hereto and in all his actions described herein, said defendant police officers, NYPD personnel, was/were acting under color of law and pursuant to their authority as NYPD personnel/ police officers.

<u>FACTUAL ALLEGATIONS</u>

12.     That NYPD is/are on information and belief owned, operated and/or subject to directives of the defendant CITY.

13.     That on or about 7/9/15 the plaintiff EDWARD PORRATA was falsely arrested/accused of being allegedly involved in an assault upon a homeless man one FRANCISCO DELGADO who was trespassing and/or was harassing plaintiff and his workers in front of 403 East 8th Street, in the City, County and State of New York  and was falsely charged by the NYPD and/or said police officers and/or  New York County District Attorney's office. Said defendant police officers improperly swore to and/or filed a criminal court complaint against EDWARD PORRATA, Arrest no. M15650377, Docket No. 2015NY043367 for:

| PL 240.30 04 | A Misdemeanor, Description Agg Harass 2 |
| PL 240.26 01 | Violation, 1 count, Arraignment charge Description Harassment 2nd- Phy Contact |
| PL 120.00 01 **TOP CHARGE** | A Misdemeanor, 1 count, Arrest charge, Arraignment charge Description Aslt W/int Causes Phys Injury, Assault in the 3rd |

14.     Said criminal court complaint was based on the fraudulent complaints/accusations of the said police officers and the NYPD, since PORRATA was vindictively assaulted by the said FRANCISCO DELGADO who "sucker punched" PORRATA in the face causing PORRATA to bleed (plaintiff had to seek medical attention after his release by the court after the subsequent arraignment) and JANE DOE police officer negligently

advised PORRATA and DELGADO that it was official NYPD police that if PORRATA

filed a criminal complaint against DELGADO, as PORRATA demanded be done, that if

DELGADO filed a false complaint even though she witnessed the event/ assault on

PORRATA by DELGADO and even though she saw PORRATA did nothing to provoke

the attack. PORRATA had at least 3 witnesses to the assault upon him and nevertheless

the police officers arrested PORRATA and negligently placed the inadequately sized, too

small for a large person, handcuffs upon him and refused to issue a desk appearance

ticket or DAT even though PORRATA's attorney called the precinct and requested that

an appearance ticket be issued under the circumstances, then illegally detained and then

falsely arrested and/or held/incarcerated, booked, processed, arraigned, falsely

imprisoned as per the request of the defendant NYPD and/or its police officers and

personnel. The plaintiff was falsely charged in a criminal complaint prepared and filed by

the District Attorney of New York County, in the Criminal Court of the City of New

York, specifically on Docket No. 2015NY043367, New York County on the above noted

charges on information and belief with the direct help and input from the said defendant

police officers, who provided false information to the District attorney and the court and

in effect were directly responsible for the malicious prosecution of the plaintiff; on

information and belief commanding officers or other NYPD personnel at the 9th precinct

made a decision to hold and charge the said Plaintiff PORRATA.  Said criminal

complaint based on the aforementioned unprovoked egregious assault and battery upon

the plaintiff by the said DELGAGO that was witnessed by POLICE OFFICER JANE

DOE, was filed on or about 7/9/15 which resulted in the the initial illegal and/or false

arrest and/or false imprisonment of the Plaintiff on the aforementioned false charges.

Said charges arose out of the egregious assault and battery upon Plaintiff PORRATA. The criminal charges and the malicious prosecution was at the request of the said NYPD defendant police officers and/or because of the NYPD's negligent supervision including the decision to arraign and prosecute the plaintiff PORRATA on false criminal charges which ultimately resulted in his exoneration on or about Monday, November 16, 2015 in Part C, before Judge Abena Darkeh, No. 12 on the calendar, the case was marked dismissed and sealed the charges against EDWARD PORRATA were all dismissed. PORRATA had to appear in court on at least 3 court dates when the plaintiff each time refused to take an adjournment in contemplation of dismissal under New York State Criminal Procedure Law Sect. 170.55, but demanded a trial.

15.     The Plaintiff PORRATA, as a result of said intentional and/or negligent acts of defendants, was in effect "assaulted" without provocation and/or subjected to "excessive force" and because he was illegally detained, falsely accused, falsely arrested, imprisoned, maliciously prosecuted and subjected to intolerable conditions and unacceptable behavior of those who held them in custody including the said defendant police officers, other intentional and/or negligent acts of the defendants and/or on the part of the defendants included but were not limited to lengthy and intolerable incarceration and being forcibly held and falsely imprisoned for approximately 24 hours, the excessive force and injury caused by the too small cuffs; and then was the subject of defendants' malicious prosecution including the continuous adjournments when the plaintiff PORRATA had to defend false criminal charges which increased legal fees for his defense; plaintiff always announced ready for trial and proclaimed his innocence.

16.     The Plaintiff suffered from the said acts of defendants and/or failure to act

including physical injuries and mental and emotional distress. The plaintiff was publicly humiliated, physically assaulted and/or abused by the police and arresting officers; specifically POLICE OFFICER JANE DOE and POLICE OFFICERS JOHN DOEs 1 AND 2, who both pushed and manhandled the plaintiff PORRATA causing exacerbation of previously sustained conditions PORRATA suffered from an automobile accident and a fall off a ladder, and the officers literally refused to remove the too small NYPD issued handcuffs which caused permanent injury to his wrists and/or to provide medical attention for his wrists or bleeding face! PORRATA was shoved into the police car even though he and many bystanders explained vehemently to the police officers that he was innocent of any wrongdoing and had not violated any law or ordinance and that the defendant police officers' actions were unwarranted and uncalled for! This all occurred in front of 403 E. 8th Street, in the City, County, and State of New York, which is in the Southern District of New York and was witnessed by dozens of bystanders who actually complained to the said arresting officers, of their illegal unwarranted, unconscionable actions and behavior of the police officers towards PORRATA. The plaintiff PORRATA was physically injured by defendant POLICE OFFICERS. Thereafter the arresting officers continued to harass and annoy PORRATA at the precinct until plaintiff was brought to Central Booking and to Criminal Court for arraignment. The Plaintiff immediately became ill and remained in an infirm state since he was in effect assaulted and subjected to excessive force and otherwise physically abused while incarcerated and was not afforded adequate medical attention and/or treatment; subjected to excessive force e.g. the refusal to remove the handcuffs that were too tight and too small. Plaintiff was deprived of his liberty, and/or lost companionship of family and friends. Plaintiff

now has a record of an arrest which may interfere with his future life e.g. career, ability to find work.  Plaintiff was forced to incur legal and medical expenses and the like. Specifically EDWARD PORRATA has to seek medical treatment from doctors and medical providers; was seen and treated after his release by one or more doctors or medical facilities.

17.     On information and belief the City of New York has negligently failed to properly administer it's agencies and/or departments and the like in regard to the supervision and control over police officers who accuse and arrest citizens and directly effect those accused, detained, arrested, and/or incarcerated and in particular the Plaintiff PORRATA. The said negligence of the CITY has contributed and/or is responsible for the incident that occurred the continued prosecution and mistreatment of the plaintiff's injuries.

**18.**     On information and belief defendant, CITY, NYPD, negligently failed to train, supervise, or provide officers, personnel and/or superiors to supervise and/or control the administration of justice.  That as a result of the said negligence the plaintiff suffered.

19.     The Plaintiff EDWARD PORRATA not only was falsely arrested and accused by the NYPD but was incarcerated (held at the precinct and in the pens at central booking) as well; the plaintiff was subjected to unnecessary excessive force by the arresting officers and his illegal arrest on information and belief was witnessed by countless passersby when he was illegally arrested on the street. The defendants herein are liable to the plaintiff for the continued unnecessary, unconscionable and unconstitutional policy of requiring that when defendants filed "cross complaints that both defendants must be arrested when it was abundantly clear that one of the defendants here PORRATA is absolutely innocent, suffered injuries, here a bloody face and should under no

circumstances have had to go through the system- arrest, arraignment, booking, photographing, going before a judge and the like. This "policy" of refusing to issue Appearance tickets/ DAT is unconscionable and is in violation of this plaintiff's constitutional rights. The policy of false prosecution and to put him through the system of a criminal complaint is flawed. The refusal to issue or provide cuffs that fit all people is unconscionable.

20.     That on information and belief the said Defendants, N. Y. P. D. it's said police officers, detectives, agents and the like, had information, specifically from witnesses at the scene and the like.  On information and belief the police officers who arrested PORRATA heard accounts by unbiased eyewitnesses that the Plaintiff PORRATA was innocent and knew was not involved in the crimes that he was falsely charged with when it was PORRATA who was egregiously and without provocation assaulted by DELGADO and thereafter the police needlessly falsely arrested and imprisoned and maliciously prosecuted PORRATA. The defendants withheld information from the court, that would have immediately exonerated plaintiff or should have resulted in the dismissal of his criminal case/ (prosecution).

21.     That on information and belief the NYPD and the individual defendant  Police Officers and/or did everything possible to prevent this Plaintiff PORRATA from being released and/or that the charges be dropped against them, despite possessing the information and/or the evidence that exonerated him and established that he was innocent.

22.     That on information and belief the Defendant N.Y.C.\D, individual police officers with the hope that that the Plaintiff PORRATA could not afford to defend himself on the

criminal cases and either plead to a lesser charge and/or not sue the CITY and/or the

NYPD and co-defendant police officers if they continue maliciously prosecute him.

23.     That the Plaintiff PORRATA was initially held as a prisoner against his will in

detention cells/jail for approximately 24 hours and was effectively prevented from

enjoying his freedom and companionship of friends and family. The plaintiff PORRATA

was severely injured and needed medical attention and still suffers from the injuries that

he sustained because of the "excessive force", the too tight handcuffs that the defendant

police officers refused to remove. Plaintiff was traumatized physically and emotionally

injured. The plaintiff PORRATA's wrists were permanently injured and he was initially

advised that he may require surgery but the prognosis was that he would be permanently

impaired as to both hands and wrists. He was deliberately pushed/ shoved into the police

car when he offered no resistance and his face was bleeding from the assault by

DELGADO by one or more defendant police officers even though he had committed no

crime. There were many eyewitnesses who complained about the illegal release and

excessive force upon the plaintiff and/or police violence against the plaintiff.

24.     On information and belief the actions of the defendants were intentionally done to

harass and annoy and interfere with the plaintiff PORRATA and his attorneys' defense of

his criminal case to convince him to plead guilty to a lesser charge(s) and to cover up the

illegal police conduct. Said actions were unconscionable and violated the plaintiff'

constitutional rights e.g. of due process, right to counsel and fair trial under the United

States and New York State Constitutions. The egregious assault(s) on the plaintiff's

person without provocation and then his illegal detention, initial false arrest, and the

"excessive force"- refused to remove his cuffs and subsequent false imprisonment and

malicious prosecution violated his Constitutional Rights under the New York State and Federal Constitutions including but not limited to his right to due process of the law.

25.     The said defendants are liable for the intentional torts denoted in this complaint; their negligence for false arrest, false imprisonment, intentional infliction of mental distress and for prima facie tort in that there was the deliberate withholding of evidence and/or deliberate failure to investigate the police misconduct, falsification of criminal charges and/or that the said defendants are liable for their negligence and/or were negligent for their said actions and/or failure to act and/or were liable for fraud, false arrest, false imprisonment, malicious prosecution and all other claims denoted in the initial notice of claim that is incorporated in the instant complaint and reiterated herein.

26.     That said false arrest, false imprisonment and malicious prosecution of the Plaintiff was void on its face and/or was obvious from the onset since defendant police office JANE DOE actually witnessed DELGADO sucker punch the plaintiff and the plaintiff, a much larger man with three helpers/workmen next to him did nothing in retaliation but asked the police officer to arrest DELGADO.

27.     That on information and belief the defendant police officers fraudulently and/or knowingly withheld from the Plaintiff, his family and/or his attorneys; the court and District Attorney's office of New York County and any and all information in his possession that would have exonerated the plaintiff and would have resulted in the prompt dismissal of the criminal charges and reinstatement of his rights; that the said knowing and fraudulent actions by the defendants in the continued false malicious and illegal prosecutions of the Plaintiff resulted in the mental, and emotional distress that the plaintiff had to endure. The acts of the defendant police officers and/or other acts noted

herein establish defendants' liability for fraud.

28.     That the foregoing acts of the defendant negatively affected the reputation of the Plaintiff and caused him emotional disturbance and distress.

29.     That plaintiff PORRATA was subjected to excessive force upon him and then had to endure a period of incarceration and has been under physician's care since the incident he suffered injuries to both his wrists and exacerbation of previous debilitating physical conditions and the accompanying loss of self esteem and emotional distress.

30.     That plaintiff was held in custody in the detention cells of the police station; and then held in the detention cells and/or a jail(s) maintained by the defendant(s) CITY and NYPD.

31.     That as a result of the foregoing acts of the defendant the Plaintiff PORRATA and/or his family was compelled to retain counsel and/or expend monies for the defense/ representation/ and/or attempts to secure the release of Plaintiff and will continue to be obligated for legal expenses in the future. Plaintiff retained Stuart R. Shaw to represent PORRATA in his criminal defense.

32.     That a notice of claim and/or notice of intention to sue was duly served upon the defendant within 90 days after the said cause of action of the plaintiff "accrued". The Notice of Claim reads as follows:

> "PLEASE TAKE NOTICE that the undersigned claimant(s) hereby make(s) claim and demand against THE CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, POLICE OFFICER "JANE DOE"AND POLICE OFFICERS "JOHN DOE 1 AND 2" as follows:

> 1.     The name and address of each claimant and claimant attorney is:

> EDWARD PORRATA
> 525 Neptune Avenue Apt. 5A,

Brooklyn, NY 11224

STUART R. SHAW, ESQ.
30 West 95th Street, 1st Fl
New York, N. Y. 10025
(212) 661-6750

2.      The nature of the claim: The claimant EDWARD PORRATA, hereinafter referred to as PORRATA or CLAIMANT or ARRESTED PERSON was falsely detained, arrested and accused of being involved in crime(s) by the New York City Police Dept. hereinafter referred to as NYPD and on information and belief the District Attorney of New York County. Specifically police officers of the 9th Precinct, New York County including but not limited to POLICE OFFICER JANE DOE AND POLICE OFFICERS "JOHN DOES 1 AND 2" of the 9th precinct and/or a female police officer JANE DOE from an unknown police precinct but not on information and belief from the precinct of the NYPD on or about 7/9/15 at or about 8:15 AM at or about 403 East 8th Street in the City, County and State of New York. Illegally detained, arrested or accused the said claimant. That the initial illegal detention, false arrest and false imprisonment of the ARRESTED PERSON/Claimant PORRATA on the aforementioned false charges was on or about 7/9/15; that the ARRESTED PERSON/Claimant PORRATA was falsely arrested, accused, imprisoned, and subjected to intolerable conditions and unacceptable behavior on the part of the defendant including but not limited to a vicious unprovoked humiliating physical assault upon the claimant's person where the said police officers literally placed the cuffs on PORRATA, a large man, tightly, for no just reason on PORRATA, a Vietnam Veteran, causing abrasions and contusions and the like and thereafter without properly giving Miranda warnings subjected him to lengthy and intolerable interrogations, being humiliated, booked, fingerprinted, photographed, put in a cell, not permitted to consult with his attorney, not provided him with MIRANDA rights, warnings, etc.; that he was not given medical attention until his attorney called the precinct and demanded same and he went to a physician after he was released for treatment. That he remained in said incarcerated condition until the evening of 7/9/15 when he was finally arraigned having been held under intolerable conditions at a precinct and not brought down to 100 Centre Street until literally evening hours when he was released on his own recognizance after being offered an adjournment in contemplation of dismissal under 170.55 under the Criminal Procedure Law and given a court date with the bogus criminal charges brought against him still existant.  Those charges being:

| PL 240.30 04 | A Misdemeanor, Description Agg Harass 2 |
| PL 240.26 01 | Violation, 1 count, Arraignment charge |

|  | Description Harassment 2nd- Phy Contact |
|---|---|
| PL 120.00 01<br>**TOP CHARGE** | A Misdemeanor, 1 count, Arrest charge, Arraignment charge<br>Description Aslt W/int Causes Phys Injury, Assault in the 3rd |

the claimant PORRATA was also viciously struck in the face by the alleged complainant with the arresting POLICE OFFICER JANE DOE was present, witnessed and saw PORRATA struck by one Francisco Delgado, without provocation and blows were rained down upon his head and body by the alleged complainant Francisco Delgado. On information and belief causing a serious or permanent injury to PORRATA. The charges against the said claimant as quoted from the Criminal Complaint Docket no. 2015NY043367 as noted heretofore.

3.      Claimant EDWARD PORRATA is the falsely arrested/imprisoned person. On or about 7/9/15 the claimant was physically assaulted by the complaining witness Francisco Delgado, on information and belief a homeless person and therein by effect by the police officers initially JANE DOE, who used excessive force in putting on the cuffs and other actions. The other officers are named as POLICE OFFICER JOHN DOE 1-2 on information and belief RONIEL DILONE, Shield no. 28209, 9th Precinct, and POLICE OFFICER JANE DOE. PORRATA was actually struck in his face by the complaining witness when all he was doing was trying to work on a stoop that he and his crew were hired by the landlord to fix. Specifically at the time of the incident the claimant PORRATA had been contracted to make repairs to the staircase/stoop of a premises at the location where he was arrested at or about 403 East 8th Street. Members of his "crew" went to get PORRATA who was in the rear of the building working because the so-called complaining witness Francisco Delgado, on information and belief a homeless person refused to get off the stoop so that it could be repaired and seemed to be in an inebriated or drug induced condition was vile and abusive in his language in both English and Spanish. PORRATA, a man of large statute approached the said Delgado and asked him politely to remove himself from the staircase. PORRATA and his crew saw that a female police officer was directly across the street talking to someone observing Delgado who was talking in a loud and abusive way. PORRATA and his crew motioned to the police officer to come over which she finally did after DELGADO sucker punched PORRATA several times striking him in the face and elsewhere. PORRATA and his crew could have easily overcome Delgado but waited for the female police officer who observed everything but when she approached the two men she literally suggested to Delgado to file a cross complaint against PORRATA and in that way she would not have to arrest anyone since if PORRATA insisted on pressing charges both men would have to be arrested. The female police officer referred to herein as JANE DOE offered this information to Delgado who did not request same and

then called for other police from the local precinct since on information and belief even though she was on duty and in uniform she was talking to a male friend on the street and she was from a different precinct and not at her proper post! The 9th Precinct OFFICERS JOHN DOE on information and belief RONIEL DILONE and his partner JOHN DOE NO. 2 arrived and only heard the story of Delgado and the JANE DOE police officer and refused to listen to PORRATA or interview his crew even though they offered his names as witnesses and roughed up PORRATA using excessive force including putting the cuffs on too tight and treated this Vietnam Veteran with disdain. PORRATA sought medical treatment after he was released on his own recognizance and was offered an ACD which he refused because he wanted to file suit against police and JANE DOE individually whose name was not provided despite his repeated request for same! (this entire fact scenario was disclosed to the District Attorney representative in the courtroom at time of arraignment by claimant's counsel with a specific request and find out the name of the female officer.) The claimant was forcibly removed on information and belief to the 9th Precinct and then not brought to 100 Centre Street for arraignment until almost 24 hours after the arrest and therefore he was held for approximately 15 hours. Claimant sought medical attention after his release and will have to continuously seek medical attention for his serious and/or permanent injuries and other injuries that he suffered including emotional distress and financial losses.

4.     At approximately 8:15 AM on 7/9/15 the said police used excessive force in arresting claimant and when cuffing the claimant and later took PORRATA to the precinct to a cell where he was placed in custody against his will. PORRATA was thoroughly searched everywhere about his body and photographs were taken again and then placed in a holding cell that was filthy and dirty and stunk of urine and feces and he was kept there for awhile and then later on 7/9/15 he was cuffed again and police took him to be arraigned before a judge at 100 Centre Street. PORRATA must defend the criminal charge and PORRATA has retained Stuart R. Shaw, Esq. to represent him and will and has incurred legal fees and expenses. Claimant has sought legal counsel and is responsible for legal fees and disbursements.

5.     *The Claimant PORRATA was not only were illegally detained, he was falsely arrested and accused by the N.Y.P.D. but he was incorrectly accused when he was arrested as having been involved in the above noted alleged crimes. The claimant EDWARD PORRATA was incorrectly negligently charged and maliciously prosecuted by the NEW YORK COUNTY DISTRICT ATTORNEY and/or the N.Y.P.D. and was negligently incarcerated before he appeared in the court on the said Criminal Court case the aforementioned negligent actions of the N.Y.P.D. and NEW YORK COUNTY District Attorney by said negligent incorrect accusations against this Claimant PORRATA has caused serious repercussions and damaged the Claimant. For instance the Claimant

17

PORRATA was separated from his family, friends and etc. and the fact that he was incarcerated made it difficult for his family and his attorney Stuart R. Shaw to locate him in the Criminal Justice system including why and where he was incarcerated. He and his crew were hired to work for several days. He lost income and incurred expenses.

6.     That on information and belief the Defendant N. Y. P. D. its police officers, detectives, agents and the like, and/or the Defendant District Attorneys office had information that this Claimant PORRATA was innocent and not involved in the crimes that he was alleged to have committed, but intentionally withheld information from, the claimant EDWARD PORRATA and/or his family from the onset and/or should have resulted in his immediate release and/or to cover up the fact that  he had been assaulted and beaten by on information and belief a homeless man Delgado without provocation or reason. That on information and belief the Police and/or District Attorneys office did everything possible to prevent the Claimant PORRATA from being released and/or timely released and/or that the charges be immediately dropped against him; that on information and belief the Defendant N.Y.P.D and/or District Attorney intentionally did the aforementioned acts to keep the Claimant PORRATA "on ice"; that the Claimant PORRATA was held as prisoner against his will on 7/9/15 until his release and was prevented from being with his family from the time of his illegal detention and false arrest and incarceration and was prevented from working.

7.     That the Claimant PORRATA was negligently held by the defendant in spite of the fact that the Claimant PORRATA was innocent. That Claimant PORRATA was not a perpetrator of any crime. This caused him and his family severe mental and emotional distress, and pain and suffering. Personal belongings were lost and/or damaged and otherwise affected by the unreasonable search by the police that resulted in the finding of no contraband or evidence to support his allegations against PORRATA.    This was not a consent detention, search, arrest or incarceration

1.  The time when, the place where and the manner in which the claim arose: see

above- 7/9/15, at or about 8:15 AM at 403 East 8th Street, New York, NY, thereafter at the 9th Precinct, New York, New York and/or Central Booking and/or at 100 Centre Street, New York, New York. Claimant PORRATA was illegally detained, falsely arrested without an arrest or search warrant  against the claimant, arresting officer Jane Doe saw the alleged complaint against the complaining witness struck the claimant and did nothing about it but instead arrested the claimant and negligently refused to give a DAT.

2.  The items of damage or injuries claimed are one million ($1,000,000.00) dollars for each

claimant on each legal cause of action against each defendant see above numbers 1, 2 & 3:

1.      Negligence
2.      False arrest
3.      False Imprisonment
4.      Intentional infliction of mental distress
5.      Prima facie tort
6.      Fraud
7.      Abuse of Process
8.      Filing a false complaint and/or attempt and/or conspire to file false complaint, commit said illegal act
9.      Malicious Prosecution
10.     Assault and Battery, excessive force/ aiding and abetting accessory after the fact.
11. Punitive Damages
12. Compensatory Damages

10.     The Claimant(s) suffered mental and emotional distress, the Claimant PORRATA was physically, assaulted and/or abused by the arresting officers. The Claimant PORRATA became ill while incarcerated and were not afforded adequate medical attention and/or treatment. Claimant PORRATA was deprived of his liberty, the ability to earn a living and suffered lost earnings, deprived and/or lost companionship of family and friends. Claimant PORRATA now on information and belief has a record of an arrest, and this may interfere with any subsequent application for licenses, etc, the claimant was forced to incur legal and medical expenses and the like. Claimant suffered mental and emotional distress.

11.     AMOUNT CLAIMED: One Million ($1,000,000.00) dollars for claimant against each defendant individually for each cause of action in negligence, false arrest, false imprisonment, fraud, intentional infliction of mental distress, prima facie tort, abuse of process, filing a false complaint, malicious prosecution, assault and battery, and etc. in favor of claimant against each individual defendant and for Punitive Damages $1,000,000.00 against each Defendant in favor of claimant, and for Compensatory Damages $1,000,000.00 against each Defendant in favor of claimant.
TOTAL AMOUNT CLAIMED: $ 24,000,000.00."

33.     That more than thirty days have elapsed since the service of the said notice of

claim and/or notice of intention to sue upon defendant.

34.     That the defendant and its comptroller and/or counsel have failed, neglected and

refused to pay, settle, compromise or adjust the claim of the plaintiff herein.

*35.*     That this action has been commenced within one year and ninety days after the

cause of action of plaintiff accrued; notice of claim was served personally and by

certified mail, the plaintiff will purchase the summons on or before 9/30/16 and will

serve all of the defendants.

36.     The defendant conducted a complete 50H deposition of plaintiff.

37.     That at all times relevant to this complaint, or from on or about 7/9/15 and

thereafter, said defendant maintained and controlled in furtherance of its/ his business by

the said defendant, CITY and NYPD and/or NYPD in New York County, City and State

of New York and was/was responsible for operating/ controlling: precincts, precinct

districts, high precincts, prosecution of Criminal court cases, jails, courts, police, police

precincts, and/or his personal employees, and etc. etc..

38.     As a result of his treatment at the hands of the defendant' (in particular the NYPD

and POLICE OFFICER "JANE DOE" and  POLICE OFFICERS JOHN DOE 1 AND 2")

plaintiff EDWARD PORRATA suffered physical and mental injury, pain, humiliation

and emotional distress, in addition to loss of liberty, and the like.

39.     Upon information and belief, the abuse to which the plaintiff was subjected was

consistent with the "institutionalized practice"/policies of the NYPD of the City of New

York, which was known to and ratified by defendant City of New York, said defendants

CITY/NYPD having at no time taken any effective action to prevent NYPD and/or police

personnel from continuing to engage in such misconduct/policy/institutionalized practice;

including but not limited to the policy of incarcerating and forcing innocent citizens to be

subjected to going through the system, arrest, booking, arraignment on a "cross

complaint" with the deliberate refusal to issue an appearance ticket and/or the failure to

provide medical attention, here the plaintiff was punched in the face and was bleeding and the handcuffs were too small and his wrists were red and it was obvious he was in pain and suffering and medical attention was not provided despite repeated requests for same. The policy of refusing to issue or approve handcuffs that adequately fit all people has continued to the present date.

40.    Upon information and belief, defendant City of New York and/or NYPD and/or NYPD had prior notice of the propensities of defendant NYPD personnel and/or police officers and/or lack of training, but took no steps to train them, correct their abuse of authority or to discourage their unlawful use of authority. The failure to properly train said defendant included lack of instruction as to the proper procedure to protect citizens who are threatened and/or assaulted by criminals/ assailants and/or how to effect arrests and/or ticket people involved in assaults and how to differentiate between assailant and victim.

41.    Upon information and belief, defendant City of New York and/or NYPD and NYPD authorized, tolerated as institutionalized practices, and ratified the misconduct herein before detailed by: (a) failing to properly discipline, restrict and control NYPD and/or NYPD employees, police officers, supervisors, and supervisory staff of police officers including those posted for patrol  (b) failing to take adequate precautions in the hiring, promotion and retention of NYPD and/or police personnel, including specifically defendant NYPD supervisors noted herein and/or police officers stationed at precincts; (c) failing to forward to the office of the District Attorney of New York County evidence of criminal acts committed by the assailant DELGADO, the defendant police officers and/or detectives and withholding and/or destroying evidence and/or failure to adequately

investigate claims by PORRATA; and (d) failing to establish and/or assure the functioning of a meaningful departmental system for dealing with complaints of NYPD supervisors or employees and/or police misconduct, and/or negligent failure to act to secure the safety of a citizen and to prevent further violence to that citizen but instead responding to such valid complaints of the plaintiff supported by others and official denials calculated to mislead the public and actions taken to denigrate and punish the innocent citizen who fastidiously took every step humanly possible to try to have DELGADO arrested for the assault upon his person, "to add insult to injury" the District Attorney on information and belief under the direction of defendants dismissed all charges against DELGADO without consulting the plaintiff or his attorney, even though there were eyewitnesses to DELGADO'S unprovoked assault upon the plaintiff. This conduct also constitutes negligence and/or gross negligence under state law.

42.     Plaintiff, EDWARD PORRATA, resides at 525 Neptune Avenue Apt. 5A, Brooklyn, NY 11224.

43.     POLICE OFFICER JANE DOE was present when DELGADO without provocation attacked EDWARD PORRATA as he was asking DELGADO to vacate the stoop that he was trespassing upon, that his workmen were attempting to repair having been hired by the owner of the premises. JANE DOE witnessed the unprovoked assault on plaintiff PORRATA and saw he was bleeding from his face. PORRATA was lawfully on the stoop and had not committed any crime. The plaintiff PORRATA was lawfully on the stoop when DELGADO assaulted him. The police officers JOHN DOE 1 and 2 and the defendant police officer JANE DOE negligently arrested PORRATA at the direction of Police office JANE DOE. Police officer JANE DOE saw the "sucker punch" and knew

that the filing of a cross complaint by DELGADO, a homeless man, was not warranted, in effect she violated the plaintiff's constitutional rights.

44.     The incident which gave rise to plaintiff's claim occurred on 7/9/15.

FEDERAL CAUSES OF ACTION

45.     Each and every allegation set forth in Paragraphs "1" through "43" is incorporated herein by reference.

46.     The above described actions and omissions, engaged in under color of state authority by defendant, including defendant City, NYPD, individual defendant POLICE OFFICERS; CITY, NYPD responsible because of its authorization, condonation and ratification thereof for the acts of its agents here police officers who deprived plaintiff of rights secured to him by the Constitution of the United States, including, but not limited to his Fourth Amendment right to be free from false arrest and imprisonment and the right to be free from unjustified and excessive force utilized by police, and his Eighth Amendment right to be free from cruel and unusual punishment and fourteenth amendment right to due process and equal protection under the laws.

PENDING CAUSES OF ACTION

47.     Each and every allegation set forth in Paragraphs "1" through "46" is incorporated herein by references.

48.     Plaintiff filed a written Notice of Claim with defendant City of New York within 90 days after plaintiff' claim arose, demanding adjustment and payment, as mandated by Section 50(e) of the General Municipal Law of the State of New York.

49.     More than 30 days have elapsed since service of such Notice of Claim and adjustment or payment thereof has been neglected or refused.

50.     This action has been commenced within one year after the termination of criminal

proceedings against plaintiff pursuant to Section 215(8) of the New York CPLR and/or

within one year and 90 days of the date of the incidents alleged in instant complaint

(arrest 7/9/15 subsequent prosecution in the Criminal Court of the City of New York,

New York County on Docket No. 2015NY043367 dismissed on or about 11/15/15)

and/or within one year and 90 days of the date of the incidents alleged in the complaint

on 7/9/15 and thereafter respectively  pursuant to Section 50 of the General Municipal

Law of the City and State of New York.

51.     The acts and conduct herein before alleged constitute negligence, assault and

battery, false arrest and imprisonment, malicious prosecution, defamation, prima facie

tort, and intentional infliction of emotional distress specifically POLICE OFFICER

JANE DOE  witnessed the unprovoked assault upon the plaintiff by DELGADO and

directed that PORRATA be arrested for assault when PORRATA was innocent of any

wrong doing and failed to provide that information to the District Attorney who was

prosecuting the case, and the like of the facts of the occurrence as required under the laws

of the State of New York.

1.  Negligence
2.  False arrest
3.  False Imprisonment
4.  Intentional infliction of mental
   distress
5.  Prima facie tort
6.  Fraud
7.  Abuse of Process
8.  Filing a false complaint and/or attempt and/or conspire
   to file false complaint, commit said illegal act
9.  Malicious Prosecution
10. Assault and Battery (excessive force)
11. Compensatory Damages
12. Punitive Damages

52.     That by reason of the aforesaid occurrence, and defendants' negligence and the injuries which EDWARD PORRATA sustained. The plaintiff was made sick, sore, and disabled and was caused to suffer grievous pain and agony and mental anguish from the time of the incident 7/9/15 until the present and endured and continued to endure conscious pain and suffering, which resulted from said injuries sustained as aforesaid, all to his damage in the sum of One Million ($1,000,000.00) Dollars against each of the individual defendants on each of the 10 aforementioned torts and/or legal causes of action.

53.     The actions and/or the failure to act on the part of the defendants including but not limited to the policy/policies complained of in the instant complaint and/or because the defendants deliberately failed to provide for adequate medical attention for the plaintiff who was egregiously assaulted in front of the police officer JANE DOE and then was injured by acts of officers in offending arrest e.g. being pushed into police car and then the excessive force for the tight handcuffs on his wrists and nevertheless medical attention was never provided by the police officers, and the defendants negligently maliciously prosecuted the plaintiff without just cause and because the defendants negligently dismissed the criminal complaint against DELGADO and/or because the defendants continued to utilize hand cuffs that are not designed to be used on people of larger stature and allowing police officers to keep those handcuffs upon an arrested person even if the officers know or  should know that person is innocent and poses no threat and should not be handcuffed in the first place and the policy of said acts and/or actions or failure to act because of the unconscionable, intolerable, egregious

actions of the defendants that fly in the face of acceptable behavior that must be deemed intolerable and not acceptable by a civilized society necessitate that cause of action for compensatory and/or punitive damages be considered in regard to the instant case.

54.     This Court has pendent jurisdiction to hear and adjudicate those claims.

ATTORNEYS' FEES

55.     Plaintiff is entitled to an award of attorneys' fees, pursuant to 42 U.S.C. 1988 (b); 42 U.S.C. 1983.

**WHEREFORE**, plaintiff individually demand the following relief, jointly and severally, against all the defendant: One million ($1,000,000.00) dollars against each defendant in negligence for false arrest, false imprisonment, assault (excessive force), fraud, intentional infliction of mental distress, Prima facie tort, Abuse of Process, Filing a false complaint, malicious prosecution , etc. in favor of claimant/plaintiff against each individual defendant; Punitive Damages $1,000,000.00 against each Defendant, Compensatory Damages $1,000,000.00 against each Defendant; in favor of plaintiff against each defendant.

1.  Negligence
2.  False arrest
3.  False Imprisonment
4.  Intentional infliction of mental distress
5.  Prima facie tort
6.  Fraud
7.  Abuse of Process
8.  Filing a false complaint and/or attempt and/or conspiring to file a false complaint
9.  Malicious Prosecution
10. Assault and Battery/ excessive force
11. Compensatory damages
12. Punitive damages

TOTAL AMOUNT CLAIMED: $50,000,000.00

A.    Tort Claims, one million ($1,000,000.00) dollars against each defendant or fifty million ($50,000,000.00) dollars.
B.    Compensatory damages in the amount of One Million ($1,000,000.00) Dollars against each defendant or a total of five million ($5,000,000.00) dollars;
C.    Punitive damages in the amount of One Million Dollars against each defendant;
D.    Attorneys' fees pursuant to 42 U.S.C. 1988(b); 42 U.S.C. 1983; and
E.    For such other and further relief as to the Court deems just and proper.

DATED:      New York, New York
            August 29, 2016

                              Law Office of Stuart R. Shaw,

                              By: _____
                              Attorney for Plaintiff
                              30 West 95th Street, 1st Fl
                              New York, NY 10025
                              (212) 661-6750
                              (212) 661-6594 FX

To:    Comptroller of the
       City of New York
       C/O Corporation Counsel of the City of New York
       100 Church Street, 4th Floor
       New York, N. Y. 10007

       New York City Police Department
       One Police Plaza
       New York, N. Y. 10038-1497

       Corporation Counsel of the City of New York
       100 Church Street, 4th Floor
       New York, N. Y. 10007

       POLICE OFFICER "JANE DOE"
       C/O New York City Police Department
       One Police Plaza
       New York, N. Y. 10038-1497

       POLICE OFFICERS "JOHN DOES 1 AND 2"
       C/O New York City Police Department
       One Police Plaza

New York, N. Y. 10038-1497
And the 9th Precinct,
321 E 5th St,
New York, NY 10003